IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD STROTHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25-cv-332-SMY |
| | ) |
| DANIEL SPROUL (WARDEN), | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Reginald Strother, an inmate at USP Marion, brings this *habeas corpus* action pursuant to 28 U.S.C. § 2241. The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other *habeas corpus* cases.

On December 6, 2006, Petitioner was indicted for knowingly and intentionally possessing, with the intent to distribute, more than fifty grams of a Schedule II controlled substance under 21 U.S.C. § 841(a)(1) in the Eastern District of Texas. In 2009, he was sentenced to life imprisonment. *United States v. Strother*, No. 6-cr-182 (E.D. Tex. Dec. 6, 2006).

Following the denial of multiple § 2255 petitions, Petitioner filed a § 2241 petition in 2023. *Strother v. Sproul*, No. 3:23-cv-1686-DWD (S.D. Ill. Jul. 26, 2023). In that case, Petitioner argued that his federal prosecution was unlawful due to a lack of Article III standing because the initial criminal complaint was filed by a county sheriff rather than a federal official. Judge David Dugan

1

denied Petitioner's § 2241 petition, finding that Petitioner could not proceed under § 2241 because his relief under § 2255 was neither inadequate nor ineffective (*Strother*, 23-cv-1686, Doc. 1). Petitioner appealed, and the Seventh Circuit affirmed (*Id.*, Doc. 32).

Before 2023, the law of this circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e). *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998). However, the U.S Supreme Court closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 469 & 477–78 (2023).

Here, Petitioner reiterates the same argument in challenging Judge Dugan's ruling. His challenge and the relief he seeks must be pursued in a § 2255 motion, not a § 2241 petition. He presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court, nor any challenge other than a collateral attack on his sentencing.

Accordingly, the Petition for *habeas* relief under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal this order, he must file a notice of appeal with this Court within 60 days of this entry of judgment. Fed. R. App. P. 4(a)(1)(B). If Petitioner chooses to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Petitioner files a motion for leave to appeal *in forma pauperis*, he must include in

his motion a description of the issue he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED:  June 13, 2025**

**STACI M. YANDLE**
**United States District Judge**